352 So.2d 569 (1977)
The ADAMS PACKING ASSOCIATION, INC., a Delaware Corporation, Sun-Glo Citrus Co-Op, Inc., a Florida Corporation, Newbern Groves, Inc., a Florida Corporation, and Lakeland Packing Company, a Division of Pacific Company, a Florida Corporation, Appellants,
v.
FLORIDA DEPARTMENT OF CITRUS, Appellee.
No. 77-1025.
District Court of Appeal of Florida, Second District.
November 30, 1977.
*570 E. Snow Martin of Martin & Martin, Lakeland, for appellant, The Adams Packing Association, Inc.
Monterey Campbell of Campbell, Dunlap, Coward & Blakeman, Bartow, for appellee.
BOARDMAN, Chief Judge.
Appellants/plaintiffs, The Adams Packing Association, Inc., Sun-Glo Citrus Co-op, Inc., Newbern Groves, Inc., and Lakeland Packing Company, appeal the order of the trial court granting a motion to dismiss without leave to amend filed by appellee/defendant, Department of Citrus.
Appellants filed a complaint for declaratory judgment and injunctive relief with the circuit court of Polk County alleging, among other things, that a Department of Citrus regulation was unconstitutional as violative of the fourteenth amendment guarantees of equal protection and due process and that its enforcement would cause immediate, irreparable harm and damage to them. This regulation was adopted March 22, 1977 to become effective August 1, 1977. It required certain categories of packing houses to identify specified kinds of citrus by the stamp "Florida" or "Indian River." Appellants alleged that to comply with the regulation they would be required to purchase costly equipment prior to the effective date of the regulation or be subject to suspension of operation in deprivation of their property rights. Relying on State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977) the circuit court dismissed the action for lack of jurisdiction finding that since there were no exceptional circumstances the district court of appeal had jurisdiction over the cause.
Willis does not control the case before us for two major reasons. First, we perceive a distinction between a proceeding essentially seeking review of agency action and one essentially seeking a determination of rights by declaratory judgment. The provisions of the Administrative Procedure Act relating to seeking judicial review of administrative action in the district courts *571 of appeal, Section 120.68, Florida Statutes (1975), and those relating to seeking declaratory judgments construing agency regulations in the circuit courts, Section 120.73, Florida Statutes (1975), are not mutually exclusive. They must be read in pari materia. If the proceeding is one to review administrative action, the district court of appeal is the proper forum. If, however, as here, the proceeding is not one to review administrative action, but rather is one to obtain a declaration of rights or status under "any regulation made under statutory authority," Section 86.021, Florida Statutes (1975), jurisdiction lies in the circuit courts pursuant to Sections 86.011-.111, Florida Statutes (1975). Furthermore, in Willis the agency action sought to be reviewed was not speculative or tentative, but certain and final since it was being enforced at the time suit was brought. Adoption of the regulation at issue in the case before us was not final agency action at the time this complaint was filed on April 11, 1977 since until the time that it becomes effective it is only a proposed rule susceptible to withdrawal or modification by the agency. Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1970); Section 120.54(1)-(12), Florida Statutes (1975). The district court of appeal will not assume its statutory jurisdiction to review an agency rule or regulation until it becomes effective. Riley-Field Co., supra; Section 120.68, Florida Statutes (1975). The mere promulgation of a rule or regulation is not the "final action" reviewable in the district court of appeal within the purview of Section 120.68. Here there is no agency action to review. Appellants seek only a declaration of their rights and status under an administrative regulation. An action for declaratory judgment is available to them and, in fact, was the only avenue for redress available to these appellants.
Second, it was not alleged in Willis that the action under review was unconstitutional as was alleged in this case with regard to the regulation at issue. Judge Smith, writing for the majority in Willis, did not suggest that the circuit courts do not have exclusive original jurisdiction over actions testing the constitutionality of agency rules and regulations nor that exceptional circumstances must be shown as a condition precedent to exercise of that jurisdiction. It is a firmly established principle of law that challenges to the constitutionality of acts of the legislature and actions of an administrative agency created by the legislature are for the courts alone to determine. See, e.g., Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); State ex rel. Watson v. Caldwell, 156 Fla. 618, 23 So.2d 855 (1945); Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976). Because it is a judicial function to be performed solely by the courts, an administrative agency cannot be empowered or authorized to make this determination. Canney, supra. The Administrative Procedure Act does not then provide an adequate administrative remedy, and the procedure for review of agency action established by the Act is not applicable to this dispute.
We hold that jurisdiction over this action is in the circuit court and reverse the order of dismissal.
REVERSED and REMANDED for proceedings consistent with this opinion.
OTT, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.