Mr. Newall J. Daughtrey Chairman Small Minority Business Advisory Council Florida Department of Commerce 107 West Gaines Street, Room 503 Tallahassee, Florida 32399-2000
Dear Mr. Daughtrey:
You have asked substantially the following question:
 Which state agency, commission, bureau or office may exempt itself from the provisions of ss. 57.111 or 120.54(2), F.S.?
In sum, I am of the following opinion:
 In the absence of a statutory provision exempting an agency from the operation of ss. 57.111 or 120.54(2), F.S., all agencies are subject to the provisions contained therein.
Section 57.111, F.S., the Florida Equal Access to Justice Act, states that the purpose of the act is
 to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in certain situations an award of attorney's fees and costs against the state.
Of apparent interest to the Small and Minority Business Advisory Council is s. 57.111(4)(a), F.S., which provides:
 Unless otherwise provided by law, an award of attorney's fees and costs shall be made to a prevailing small business party[1] in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency,[2] unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust. (e.s.)
Based upon the above statutory language, all state agencies,[3]
are subject to s. 57.111, F.S., "unless otherwise provided by law." This office has previously determined that "by law" means an enactment by both houses of the State Legislature.[4] Thus, there would have to be a statute exempting an agency from the operation of s. 57.111, F.S., before that agency could claim itself exempt. Furthermore, I have found nothing in s. 57.111, F.S., which gives agencies the authority to remove themselves from its operation.
Given the number of entities which fall within the definition of a state agency and the statutory provisions specific to individual agencies, as well as the numerous statutes regarding the award of attorney's fees, I am unable to make an assessment of the applicability of s. 57.111, F.S., to each state agency or each statute pertaining to attorney's fees.
Although an agency may be subject to s. 57.111, F.S., by there being a prevailing small business party in the agency-initiated action, the agency will not be liable for attorney's fees and costs if the agency's actions were substantially justified or special circumstances exist which would make the award of attorney's fees unjust.[5] Whether an agency's actions were substantially justified or such circumstances exist is a determination which the court or administrative tribunal must make, not the subject agency. Furthermore, such a determination would depend upon the facts of each case and is, therefore, beyond the scope of an attorney general opinion.[6]
Absent a statute providing an exemption from s. 57.111, F.S., or an award of attorney's fees in a manner different than that prescribed in s. 57.111, F.S., a state agency which initiates a civil action or administrative proceeding in which a small business is a "prevailing small business party" would be responsible for an award of attorney's fees.
Section 120.54, F.S., generally prescribes the procedure to be followed by an "agency"[7] in adopting rules.[8] More specifically, s. 120.54(2)(a), F.S., in pertinent part, provides:
 Each agency, prior to the adoption, amendment, or repeal of any rule, shall consider the impact of such proposed action on small business as defined in the Florida Small and Minority Business Assistance Act of 1985 and, whenever possible, shall tier such rule to reduce disproportionate impacts on small business and to avoid regulating businesses which do not contribute significantly to the problem the rule is designed to regulate. (e.s.)
The word "shall" has been interpreted to have a mandatory connotation.[9] Section 120.54(2)(a), F.S., clearly mandates that agencies consider the impact of their rulemaking actions on small business. However, once an agency has determined that its action will impact small business, it is required "whenever possible" to construct the rule to alleviate any disproportionate impact upon small business.
I have not found, nor have you drawn my attention to, any provision in Ch. 120, F.S., or other statutory provision which exempts any agency, as defined in Ch. 120, F.S., therein, from the rulemaking procedures prescribed in s. 120.54, F.S. In the absence of such an exemption, any state agency subject to Ch. 120, F.S., is required to consider the impact of its proposed rulemaking action upon "small business" and abide by the provisions of s.120.54(2), F.S.[10]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 57.111(3)(c), F.S., provides that a small business party is a "prevailing small business" when: 1. A final judgment or order has been entered in favor of the small business party and such judgment or order has not been reversed on appeal or the time for seeking judicial review of the judgment or order has expired; 2. A settlement has been obtained by the small business party which is favorable to the small business party on the majority of issues which such party raised during the course of the proceeding; or 3. The state agency has sought a voluntary dismissal of its complaint.
[2] Section 57.111(3)(b), F.S., defines "initiated by a state agency" to mean a state agency: 1. Filed the first pleading in any state or federal court in this state; 2. Filed a request for an administrative hearing pursuant to chapter 120; or 3. Was required by law or rule to advise a small business party of a clear point of entry after some recognizable event in the investigatory or other free-form proceeding of the agency.
[3] Chapter 57, F.S., does not define "state agency" for purposes of the Act. Compare, s. 110.123(2)(e), F.S., defining "[s]tate agency" or "agency" as "any branch, department, or agency of state government" and s. 110.203(1), F.S., defining "[s]tate agency" as "any official, officer, commission, board, authority, council, committee, or department of the executive branch or the judicial branch of state government as defined in chapter 216."
[4] See, AGO 88-30 (term "by law" as used in the Constitution and the statutes has generally been interpreted to mean an enactment by both houses of the State Legislature). See also, AGO's 87-36, 87-14, 86-66, 86-62 and 86-32.
[5] Section 57.111(4)(a), F.S.
[6] See, Statement of Policy Concerning Attorney General Opinions, Annual Report of the Attorney General, 1986.
[7] For purposes of Ch. 120, F.S., the Administrative Procedure Act, s. 120.52(1), defines the term "Agency" as:
 (a) The Governor in the exercise of all executive powers other than those derived from the constitution. (b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 163, 298, 373, 380, and 582 and s. 186.504, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II. (c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions. A deputy commissioner shall not, in the adjudication of workers' compensation claims, be considered an agency or part of an agency for the purposes of this act.
[8] Section 120.52(16), F.S., defines "Rule" as each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule. The term also includes the amendment or repeal of a rule. In subsections (a)-(g), the statute specifies agency actions which are not a "rule" for purposes of Ch. 120, F.S.
[9] See, Florida Tallow Corporation v. Bryan, 237 So.2d 308 (4 D.C.A.Fla., 1970) (word "shall" when used in a statute or ordinance has, according to its normal usage, a mandatory connotation). Cf., Brooks v. Anastasia Mosquito Control District,148 So.2d 64 (1 D.C.A.Fla., 1963) (word "may" when given its ordinary meaning, denotes a permissive term rather than the mandatory connotation of the word "shall").
[10] See, AGO 78-64, stating the proposition that the Attorney General cannot declare a statute unconstitutional or advise any officer to disregard a legislative direction or mandate. Cf., Adams Packing Association, Inc. v. Florida Department of Citrus,352 So.2d 569 (2 D.C.A.Fla., 1977) (challenges to constitutionality of acts of the Legislature and actions of an administrative agency created by the Legislature are for the courts alone to determine; administrative agency cannot be empowered or authorized to make a determination of constitutionality).