Ms. Lois C. Barrett, Chairman Hospital Board of Directors of Lee County Post Office Drawer 2218 Fort Myers, Florida 33902
Dear Ms. Barrett:
The Hospital Board of Directors of Lee County has asked for my opinion on substantially the following questions:
1. Is the Hospital Board of Directors of Lee County authorized to use the name "Lee Memorial Hospital" in written contracts to which it is a party?
2. Is the Hospital Board of Directors of Lee County authorized by its enabling legislation to delegate the signing of written contracts which have been approved by the hospital board?
3. Is the Hospital Board of Directors of Lee County required to submit its construction and remodeling projects which are not subject to s. 287.055, F.S., the Consultant's Competitive Negotiation Act, to competitive negotiation and bidding?
4. Does News-Press Publishing Company, Inc. v. Carlson, Case No. 79-3909 CA (Cir.Ct. 20th Cir. Fla., 1979), or any other legal authority prohibit the hospital president from securing construction services by purchase order, as opposed to formal contract, without obtaining additional approval by the hospital board when these are renovations and projects which the hospital board has approved as line items in the annual budget?
5. Is the hospital president prohibited, by News-Press Publishing Company, supra, or other legal authority, from undertaking construction or remodeling projects without explicit approval of the board for construction design documents and plans?
6. Is the hospital board authorized in its construction contracts to designate an "owner's representative" to whom it may delegate authority to approve construction change orders?
7. Is the hospital president prohibited from purchasing capital equipment by purchase order as opposed to formal contract when the hospital board has approved such purchases within general categories of capital equipment in its annual budget?
8. Is the president of the hospital prohibited from disposing of surplus capital equipment of the hospital in the absence of a contract, if disposal of such property is accounted for on the books of the hospital?
9. Is the hospital president or his designee authorized to accept gifts, bequests and conveyances on behalf of the hospital board?
In sum:
1. The Hospital Board of Directors of Lee County is not authorized to use any name other than that prescribed by its enabling legislation, Ch. 63-1552, Laws of Florida, as amended, i.e., the Hospital Board of Directors of Lee County.
2. The issue of whether the Hospital Board of Directors of Lee County may delegate to the president of the hospital the signing of written contracts authorized by the board is dependent on a determination by the board that such actions are necessary and appropriate for the day-to-day management of the hospital and, the adoption of an administrative rule to that effect.
3. The Hospital Board of Directors of Lee County is not required to submit its construction projects to sealed competitive bidding outside the requirements of the Consultants' Competitive Negotiation Act, s. 287.055, F.S.
4.-8. These matters are most appropriately addressed by the adoption of administrative policies, procedures, guidelines and rules by the hospital board. Any clarification of a court decision involving actions of the board should be addressed to the court which rendered the decision.
9. Pursuant to s. 4, Ch. 72-600, Laws of Florida, the Hospital Board of Directors of Lee County is authorized to accept gifts, bequests and conveyances to the hospital. This legislative directive acts as a prohibition against the board's accepting gifts in any other manner.
Pursuant to Ch. 63-1552, Laws of Florida, the Board of County Commissioners of Lee County was authorized to establish and provide for the operation and maintenance of a public hospital.[1]
In order to finance the construction and equipping of this hospital, the board was authorized to issue county bonds after approval of the bond issue by the electors.[2] The act provided for the election of a board of hospital directors and prescribed their duties and responsibilities.[3] The hospital board is authorized to "make and adopt, or authorize the management of the hospital to adopt, such bylaws, rules, regulations, guidelines, or policies for its own guidance and for the organization, management, and operation of the hospital . . . as may be deemed necessary for the efficient and economic conduct thereof."[4]
Initially, I must make it clear that this office is authorized to render legal advice and opinions construing state law, i.e., the Florida Constitution, Florida Statutes, and the Laws of Florida.[5] Therefore, no comment is expressed in this opinion on the bylaws or rules promulgated by the Hospital Board of Directors of Lee County or any other administrative actions or policy concerns of the board.
Question One
Section 1, Ch. 69-1235, Laws of Florida, amended Ch. 63-1552, Laws of Florida, by adding the following language: "The hospital board of directors of Lee County may, when acting as a body, make contracts, sue, and be sued in the name of the hospital board of directors of Lee County . . . ." No authorization exists in the original enabling legislation (Ch. 63-1552, Laws of Florida), or any subsequent amendments thereto,[6] which authorizes the board of directors to use a name other than the Hospital Board of Directors of Lee County for conducting the business of the board. It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[7] Therefore, the Hospital Board of Directors of Lee County is required to use that name for transacting business.
However, this conclusion should not be understood to invalidate any prior actions by the board which were undertaken using another name nor does this mean that a court would invalidate any actions taken by the board using another name.[8]
Question Two
Pursuant to s. 19, Ch. 63-1552, Laws of Florida, as amended:[9]
The hospital board may hire or appoint a chief executive officer, who shall have the title of president. The president shall be responsible to see to the hiring or retention of such assistants and personnel as may be deemed necessary for the efficient management and operation of the hospital and its other facilities. The president shall recommend the adoption of such general policies by the board as may be deemed necessary and appropriate for the day-to-day management and operation of the hospital and its other facilities, and the board may authorize the president to see to the establishment of specific policies, procedures, guidelines, and rules regarding such management and operation. The hospital board may authorize and delegate the enforcement of all such policies, procedures, guidelines, and rules to the president, who may, in turn, authorize and delegate enforcement of the same to such assistants as the president may deem appropriate or necessary.
Therefore, matters which are deemed to be necessary and appropriate for the day-to-day management and operation of the hospital may be the subject of administrative policies, procedures, guidelines, and rules.
Whether the signing of written contracts which have been authorized by the hospital board constitutes the "day-to-day management and operation of the hospital" so that such activities may be delegated is not a legal question susceptible of resolution by this office but a factual question which must initially be made by the hospital board.[10] If the board determines that signing such contracts falls within the day-to-day management of the hospital, it may make such actions the subject of an administrative rule or policy and govern itself accordingly.
Question Three
The general rule with regard to bidding by public agencies is that, in the absence of any legislative requirement regarding the method of awarding public contracts, public officers may exercise reasonable discretion, and a contract may be made by any practicable method that will safeguard the public interest.[11]
Even in those instances where a public body has no duty to require bids in letting public contracts, it must act in the public interest, and must be fair, honest, prudent, and exercise a wise discretion in the awarding of public contracts.[12] At common law, and generally, in the absence of a statutory provision, there is no requirement that public contracts be let upon competitive bidding or that the contract be awarded to the lowest bidder.[13]
Florida courts are in accord with this principle.[14] Thus, in a case involving the award of the concessions franchise at Tampa Stadium, the Second District Court of Appeals has stated that "[t]here is no common law rule requiring public agencies to let contracts through competitive bids. In the absence of specific constitutional or statutory requirements, a public agency has no obligation to establish a bidding procedure and may contract in any manner not arbitrary or capricious."[15]
I am aware of no statute which generally requires a hospital such as Lee Memorial Hospital to submit construction contracts other than those covered by the Consultants' Competitive Negotiation Act to a competitive bidding procedure nor do any of the special acts relating to the hospital establish such a requirement.
The hospital board of directors is authorized to "make contracts"[16] and to "make and adopt, or authorize the management of the hospital to adopt, such bylaws, rules, regulations, guidelines, or policies for its own guidance and for the organization, management, and operation of the hospital . . . as may be deemed necessary for the efficient and economic conduct thereof. . . ."[17]
Thus, in the absence of a legislative directive as to how the Hospital Board of Directors of Lee County is to conduct its business in this regard, such activities may be regulated by administrative rule to assure that such contracting is not done in an arbitrary or capricious manner but such contracts need not be submitted to competitive bid.
Questions Four through Eight
This office has no authority to construe any judgment entered by a court. Requests for clarification should be addressed to the court itself.
I am aware of no statutes or special acts which speak directly to these matters.
As discussed in preceding questions, the hospital board of directors or, if authorized, the management of the hospital may adopt bylaws, rules, regulations, guidelines, or policies for guidance and for the organization, management, and operation of the hospital. These would appear to be matters appropriately addressed by administrative action by the board.
Question Nine
Pursuant to s. 4, Ch. 72-600, Laws of Florida,[18] "[t]he hospital board of directors of Lee County is authorized to accept gifts, bequests and conveyances from any source." A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[19]
Thus, as prescribed by the special act, only the board of directors is authorized to accept gifts, bequests and conveyances on behalf of the hospital and the terms of s. 4, Ch. 72-600, Laws of Florida, prohibit any other method of accepting such gifts.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 1, Ch. 63-1552, Laws of Florida.
[2] Section 2, supra.
[3] Sections 9-13, supra.
[4] Section 4, Ch. 87-438, Laws of Florida, amending s. 15, Ch. 63-1552, Laws of Florida, as amended by Ch. 72-600, Laws of Florida.
[5] See, s. 16.01(3), F.S., and Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions.
[6] Ch. 63-1552, Laws of Florida, has been amended by Chs. 69-1235, 72-600, 81-420, 83-452, 84-465, and 87-438, Laws of Florida.
[7] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[8] Cf., Adams Packing Association, Inc. v. Florida Department of Citrus, 352 So.2d 569 (2 D.C.A. Fla., 1977) (official actions presumed to be binding and valid until judicially declared invalid).
[9] Section 19, Ch. 63-1552, Laws of Florida, was amended by s. 6, Ch. 87-438, Laws of Florida.
[10] See, 17 C.J.S. Contracts s. 62(c) (1963 ed.) (a party may be bound by an agreement where his signature has been affixed pursuant to due and prior authorization or has been adopted or ratified, or where he is estopped to deny a signature).
[11] See generally, 72 C.J.S. Supp. Public Contracts s. 6.
[12] Id. at s. 7.
[13] Id. at s. 8. Cf., AGO 84-29 (in the absence of a special law or county ordinance so requiring, a noncharter county is not required to take competitive bids prior to hiring the county attorney); AGO 71-366.
[14] See, e.g., Ackman v. Dade County, 308 So.2d 622 (3 D.C.A. Fla., 1975) (no requirement that Dade County employ statutory competitive bidding procedure pursuant to s. 125.35, F.S., in granting gift shop concession at airport); William A. Berbusse, Jr., Incorporated v. North Broward Hospital District,117 So.2d 550 (2 D.C.A. Fla., 1960) (a public body is not required unqualifiedly to award a contract to the lowest bidder unless there exists a statutory requirement in this respect). Accord, Marriott Corporation v. Metropolitan Dade County, 383 So.2d 662 (3 D.C.A. Fla., 1980) (a public body is not required unqualifiedly to award the contract to the lowest bidder unless there exists a statutory requirement).
[15] Volume Services Division of Interstate United Corporation v. Canteen Corporation, 369 So.2d 391, 395 (2 D.C.A. Fla., 1979). Cf., William A. Berbusse, Jr., Incorporated v. North Broward Hospital District, supra.
[16] Section 23, Ch. 69-1235, Laws of Florida.
[17] Section 4, Ch. 87-438, Laws of Florida.
[18] Section 4, Ch. 72-600, Laws of Florida, amends Chs. 63-1552 and 69-1235, Laws of Florida, by adding ss. 25 and 26.
[19] Supra, Footnote 7.