Mr. James P. Beadle City Attorney City of Satellite Beach 5205 Babcock Street, Northeast Palm Bay, Florida 32905
Dear Mr. Beadle:
You have been directed by the City Council for the City of Satellite Beach to request my opinion on substantially the following questions:
1. In a council/manager form of government, does the city manager or the city council act as the "entity which has budgetary control over [a municipal police department]" for purposes of submitting quarterly reports under Chapter 932, F.S.? What are the ramifications if these reports are not submitted to the proper "entity?"
2. What must be included in the written certification of compliance required by s. 932.7055(4)(b), F.S. (1992 Supp.)?
3. What are the ramifications of noncompliance with the "written certification" requirements of s. 932.7055(4)(b), F.S. (1992 Supp.)?
4. Are expenditures of funds for participation in a multi-jurisdictional drug task force allowable under s.932.7055(4)(c)2., F.S. (1992 Supp.)?
5. Can a municipality that provides a police officer as its contribution to a multi-jurisdictional drug task force, pay that officer's salary and benefits from contraband forfeiture trust funds?
6. Does a municipal police department have the authority under the Florida Contraband Forfeiture Act to negotiate the release/return of property seized under the act with the owner of said property prior to initiating forfeiture proceedings?
7. Can a local government "loan" money to the contraband forfeiture trust fund from the government's general budget for authorized expenditures which may be repaid from the trust fund to the general fund upon receipt of forfeited funds?
In sum:
1. The entity in municipal government which approves the annual budget of the police department and makes appropriations therefor would appear to be the local entity to which reports documenting the receipts and expenditures of contraband forfeiture funds must be made under s. 932.7055(8)(a), F.S. (1992 Supp.). Sanctions for failure to comply with these reporting requirements are set forth in s. 932.707, F.S. (1992 Supp.).
2. Section 932.7055(4)(b), F.S. (1992 Supp.), requires that the written certification presented with a request for contraband forfeiture funds must certify that the request made by the chief of police complies with the provisions of s. 932.7055(4), F.S. (1992 Supp.).
3. The statute provides no penalties for failure to comply with the certification requirements of s. 932.7055(4)(b), F.S. (1992 Supp.). This office cannot anticipate particular factual situations or their judicial resolution in instances where the certification requirements of the statute have not been met.
4. Payment of expenses for participation in a multijurisdictional drug task force would be an appropriate expenditure of contraband forfeiture trust funds pursuant to s.932.7055(4)(c)2., F.S. (1992 Supp.), as such expenses would not appear to be a normal operating expense of the agency.
5. Assuming that the officer involved is assigned to the multi-jurisdictional drug task force and the governing body of the City of Satellite Beach has determined that such an expenditure serves a law enforcement purpose pursuant to s. 932.7055(4)(c)1., F.S. (1992 Supp.), the salary and benefits of a law enforcement officer may be paid from the contraband forfeiture trust fund.
6. The City of Satellite Beach Police Department may settle a forfeiture action prior to the conclusion of the forfeiture proceeding pursuant to s. 932.704(7), F.S. (1992 Supp.).
7. Funds from the special contraband forfeiture trust fund established pursuant to s. 932.7055(4), F.S. (1992 Supp.), may not be used to repay moneys advanced to the fund by the City of Satellite Beach.
Initially, I must advise you that this office must presume the validity of actions taken in the past by the City of Satellite Beach and the police chief.[1] No comment is expressed herein on previous expenditures of contraband forfeiture funds by the city or its officers.
Question One
Section 932.704(5), F.S. (1991), provided in part that:
Any law enforcement agency receiving or expending forfeited property, or proceeds from the sale of forfeited property . . . shall submit a quarterly report documenting the receipts and expenditures, on forms promulgated by the Department of Law Enforcement, to the entity which has budgetary authority over such agency . . . .
You ask whether "the entity which has budgetary authority over [the city police department]" in the City of Satellite Beach is the city manager or the city council. While this office cannot construe provisions contained in your local code or ordinances,[2]
I can offer the following general comments.
Chapter 92-54, Laws of Florida, substantially amended the provisions of the Florida Contraband Forfeiture Act and this subsection of s. 932.704, F.S. 1991, was amended. The current version of the statute states, in part, that:
Every law enforcement agency shall submit semiannual reports to the Department of Law Enforcement indicating whether the agency has seized or forfeited property under the Florida Contraband Forfeiture Act. Any law enforcement agency receiving or expending forfeited property or proceeds from the sale of forfeited property in accordance with the Florida Contraband Forfeiture Act shall submit completed semiannual reports, by April 10, and October 10, documenting the receipts and expenditures, on forms promulgated by the Department of Law Enforcement, to the entity which has budgetary authority over such agency and to the Department of Law Enforcement.[3]
Thus, the statute now requires that law enforcement agencies submit such reports directly to the Florida Department of Law Enforcement and to the entity with budgetary authority over them.[4]
While no definition of "budgetary authority" is contained in the statute, a plain reading of that language would lead me to conclude that the entity which approves the police department budget and makes annual appropriations for the department[5] is the entity with "budgetary authority" over that department.[6]
This statutory reporting requirement will assure the entity with budgetary authority that those funds and property from contraband forfeiture actions which have been appropriated for use by the municipal police department are, in fact, being used as certified by the chief of police.
Finally, s. 932.707, F.S. (1992 Supp.), sets forth the penalty for noncompliance with the reporting requirements of the Florida Contraband Forfeiture Act. Pursuant to that section:
Any seizing agency which fails to comply with the reporting requirements as described in s. 932.7055(8)(a), is subject to a civil fine of 5,000 payable to the General Revenue Fund. However, such agency will not be subject to the fine if, within 60 days of receipt of written notification from the Department of Law Enforcement of the noncompliance with the reporting requirements of the Florida Contraband Forfeiture Act, the agency substantially complies with said requirements. The Department of Law Enforcement shall submit any substantial noncompliance to the Office of the Comptroller, which shall be responsible for the enforcement of this section.
Question Two
Pursuant to s. 932.7055(4)(b), F.S. (1992 Supp.):
These funds may be expended upon request . . . by the chief of police to the governing body of the municipality, accompanied by a written certification that the request complies with the provisions of this subsection, and only upon appropriation to the . . . police department by the . . . governing body of the municipality.
Thus, the Chief of Police of Satellite Beach must request contraband forfeiture funds from the governing body of the city and such a request must be "accompanied by a written certification that the request complies with the provisions of this subsection . . . ."
The statute does not provide a form for such a certification or prescribe particular language which must be included therein. In the absence of a requirement for specific language, this office cannot read into the statute anything more than is set forth in the statute.[7]
Therefore, it is my opinion that the certification which the chief of police must provide when requesting contraband forfeiture funds from the governing body pursuant to s. 932.7055(4)(b), F.S. (1992 Supp.), must include only a statement that his or her request complies with the requirements of s. 932.7055(4), F.S. (1992 Supp.).[8]
Question Three
You have asked that this office describe "the ramifications of noncompliance with the `written certification'requirements of s.932.7055(4)(b), F.S. (1992 Supp.)."
The Florida Contraband Forfeiture Act does not include any sanctions for noncompliance with the written certification requirements of s. 932.7055(4)(b), and this office cannot anticipate possible legal actions brought against either the city council or the police chief for such noncompliance. However, I would note that the statute provides the exclusive method for expenditure of special law enforcement trust funds and no other may be validly utilized.[9]
Question Four
You ask whether the use of contraband forfeiture funds for participation in a multi-jurisdictional drug task force would fall within the allowable purposes of s. 932.7055(4)(c)2., F.S. (1992 Supp.). According to your letter, the City of Satellite Beach has entered into a voluntary cooperation agreement with the Brevard County Sheriff's Department and several other municipalities located in Brevard County. The purpose of the agreement is to create a multi-jurisdictional drug task force to detect and combat the problem of narcotics and other dangerous drug distribution. The agreement is renewable on an annual basis.
The statute with which you are concerned, s. 932.7055(4)(c)2., F.S. (1992 Supp.), prohibits the use of contraband forfeiture trust funds as "a source of revenue to meet normal operating needs of the law enforcement agency." Based on identical language in the previous statute,[10] this office has stated that the legislative intent expressed therein is that these trust funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established.[11]
While detecting and combating drugs and drug abuse may be a normal duty of law enforcement agencies, participating in this task force concept for accomplishing these purposes would appear to be outside the regular or established approach to such law enforcement duties. Therefore, it is my opinion that the City of Satellite Beach is authorized to expend contraband forfeiture trust funds for participation in a multi-jurisdictional drug task force pursuant to s. 932.7055(4)(c)2., F.S. (1992 Supp.).
Question Five
You ask whether it is appropriate for a municipality to use contraband forfeiture trust funds to pay the expenses of a municipal police officer who is assigned to the multi-jurisdictional drug task force.
The Florida Contraband Forfeiture Act requires that an agency, other than a seizing agency, that wishes to receive forfeiture funds must apply to the chief of police for an appropriation and certify that the moneys will be used for an authorized purpose. Pursuant to s. 932.7055(4)(c)1.-3., F.S. (1992 Supp.):
Such funds may be expended in accordance with the following procedures:
1. Such funds may be used only for school resource officer, crime prevention, safe neighborhood, drug abuse education, or drug prevention programs or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate. 2. Such funds shall not be a source of revenue to meet normal operating needs of the law enforcement agency. 3. After July 1, 1992, and during every fiscal year thereafter, any local law enforcement agency that acquires at least 15,000 pursuant to the Florida Contraband Forfeiture Act within a fiscal year must expend or donate no less than 15 percent of such proceeds for the support or operation of any drug treatment, drug abuse education, drug prevention, crime prevention, safe neighborhood, or school resource officer program(s). The local law enforcement agency has the discretion to determine which program(s) will receive the designated proceeds.
Thus, funds from the contraband forfeiture trust fund may be expended for law enforcement purposes deemed to be appropriate by the governing body of the municipality. However, such funds may not be used to satisfy the normal operating needs of the law enforcement agency involved.
In answer to your previous question, I concluded that participation in a multi-jurisdictional drug task force was an allowable expense under the act. While I acknowledge that this office has previously determined the payment of salaries of law enforcement personnel is a normal operating expense of the law enforcement agency and not an appropriate expenditure from these trust funds,[12] this situation appears to be distinguishable from those earlier opinions. In this case, the officer involved is assigned full-time to the drug task force and does not perform the routine duties of a municipal police officer. Thus, the funding of this position is not a normal, ongoing responsibility of the municipal police department.
In light of these considerations and assuming that the governing body of the municipality deems this to be an appropriate expen-diture of the trust funds pursuant to s. 932.7055(4)(c), F.S. (1992 Supp.), it is my opinion that the City of Satellite Beach may pay the salary and benefits of a law enforcement officer who is assigned to a multi-jurisdictional drug task force from contraband trust funds.
Question Six
Pursuant to s. 932.703(1)(b), F.S. (1992 Supp.), the rights, interest, and title to any contraband articles[13] vest immediately in the seizing law enforcement agency when seizure occurs. The statute provides, in addition, that "the seizing agency shall not use the seized property for any purpose until the rights to, interest in, and title to the seized property are perfected in accordance with the Florida Contraband Forfeiture Act."[14] (e.s.)
In instances when the claimant and the seizing law enforcement agency agree to settle the forfeiture action prior to conclusion of the forfeiture proceedings, the act requires that the settlement agreement be reviewed by the court or a mediator or arbitrator agreed upon by the claimant and the seizing law enforcement agency.[15] Thus, a procedure is established for resolving forfeiture actions after seizure of contraband property but prior to completion of the forfeiture proceeding and this is the exclusive method for such outside resolution.[16]
Therefore, it is my opinion that the City of Satellite Beach Police Department is authorized to negotiate the release of seized property pursuant to s. 932.704(7), F.S. (1992 Supp.), but may not utilize any other procedure.[17]
Question Seven
You ask whether the City of Satellite Beach is authorized to "loan" money to the special law enforcement trust fund from the city's general budget for authorized expenditures which may be repaid from the trust fund to the city's general fund upon receipt of forfeited funds.
The Florida Contraband Forfeiture Act establishes a scheme for the appropriation and expenditure of trust funds generated by the seizure and forfeiture of contraband. Pursuant to s.932.7055(4)(a), F.S. (1992 Supp.), proceeds from the special law enforcement trust fund "shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants." No other purposes are authorized.
Such funds may only be expended upon request by the chief of police to the governing body of the city and only upon appropriation to the police department by the governing body of the municipality.[18] In addition, the act specifically provides that:
Neither the law enforcement agency nor the entity having budgetary control over the law enforcement agency shall anticipate future forfeitures or proceeds therefrom in the adoption and approval of the budget for the law enforcement agency.[19]
Thus, while I am aware of no provision prohibiting the City of Satellite Beach from contributing to the special law enforcement trust fund established pursuant to s. 932.7055(4)(b), F.S. (1992 Supp.), there is no authority to promise repayment of such moneys from future forfeitures or proceeds therefrom. In fact, such a repayment arrangement would violate the mandate of the statute that such moneys only be used for law enforcement purposes.
In light of these provisions, it is my opinion that funds from the special law enforcement trust fund established pursuant to s.932.7055(4)(a), F.S. (1992 Supp.), may not be used to repay money advanced to the fund from the City of Satellite Beach.
Sincerely,
Robert A. Butterworth Attorney General
RAB/trh
[1] Cf., Adams Packing Association, Inc. v. Florida Department of Citrus, 352 So.2d 569 (2 D.C.A. Fla., 1977); AGO's 78-64 and 77-99.
[2] See, Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions.
[3] Section 932.7055(8)(a), F.S. (1992 Supp.).
[4] Cf., AGO 91-69 (county charter placed final budgetary authority in county council and it was this council which was responsible under Contraband Forfeiture Act for expending special law enforcement trust fund).
[5] See, s. 166.241(3), F.S., providing, in part, that "[t]he governing body of each municipality shall make appropriations for each fiscal year which, in any one year, shall not exceed the amount to be received from taxation or other revenue sources."
[6] Cf., AGO 83-30 wherein it is stated that the board of county commissioners is the entity having budgetary control over the sheriff's office and s. 932.7055(8)(c), F.S. (1992 Supp.), which states that "[n]either the law enforcement agency nor the entity having budgetary control over the law enforcement agency shall anticipate future forfeitures or proceeds therefrom in the adoption and approval of the budget for the law enforcement agency."
[7] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974); AGO's 87-43, 86-32 and 82-20.
[8] Compare, s. 932.7055(4)(c), F.S. (1992 Supp.), which requires that an agency or organization, other than the seizing agency, that wishes to share in these funds must apply to the sheriff or chief of police for such an appropriation. The application of such an agency must be accompanied by a written certification that the moneys will be used for an authorized purpose. Such a request "shall include a statement describing anticipated recurring costs for the agency for subsequent fiscal years." In addition, an agency or organization receiving money pursuant to s.932.7055(4)(c), F.S. (1992 Supp.), shall provide an accounting for such moneys and shall furnish the same reports as an agency of the county or municipality that receives public funds.
[9] See, e.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), and Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), which recognize the principle that when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.
[10] Section 932.704(3)(a), F.S. (1982 Supp.), stated that "[t]hese funds may be expended only upon appropriation to the sheriff's office or police department, by the board of county commissioners . . . to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants, or for such other law enforcement purposes as the board of county commissioners . . . deems appropriate and shall not be considered a source of revenue to meet normal operating needs." (e.s.)
[11] See, e.g., AGO 89-78 (payment of salaries of police personnel would appear to be a normal operating expense of the municipal police department and forfeiture trust funds may not be used to augment such salaries); AGO 83-9 (furnishing medical attention and treatment to county prisoners is a continuing and ongoing or regular duty and function of the sheriff's office which is a normal operating cost of the county jail for which s. 932.704, F.S., does not countenance the use of the funds from the contraband forfeiture trust fund); AGO's 86-48, 83-30, and 81-99.
[12] See, AGO 91-69 (contraband forfeiture trust funds may not be used to fund a special law enforcement team patrolling highways to make lawful traffic stops and searches of vehicles as such activities appear to represent a continuing, ongoing or regular duty of that office); AGO 89-78 (augmenting salaries of police officers would appear to be a normal operating need of the police department and not a permissible use of forfeiture funds; paying tuition supplements to recruits trained by the police academy would also appear to be a normal operating expense of the department and, therefore, not payable from contraband forfeiture trust funds).
[13] "Contraband article" is defined in s. 932.701(2)(a), F.S. (1992 Supp.), to mean:
1. Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which was used, is being used, was attempted, or is intended to be used in violation of any provision of chapter 893. 2. Any gambling paraphernalia, lottery tickets, money, currency, or other means of exchange which was used, was attempted, or intended to be used in violation of the gambling laws of the state. 3. Any equipment, liquid or solid, which was being used, is being used, was attempted to be used, or intended to be used in violation of the beverage or tobacco laws of the state. 4. Any motor fuel upon which the motor fuel tax has not been paid as required by law. 5. Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act. 6. Any real property, including any right, title, leasehold, or other interest in the whole of any lot or tract of land, which was used, is being used, or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
[14] Section 932.703(1)(c), F.S. (1992 Supp.). This subparagraph does not prohibit use or operation of the seized property which may be necessary for reasonable maintenance. Reasonable efforts must be made to maintain seized property in such a manner as to minimize loss of value.
[15] Section 932.704(7), F.S. (1992 Supp.). The statute provides that this review may be waived, in writing, by the claimant.
[16] When the Legislature directs how a thing is to be done that is, in effect, a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); and Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[17] Accord, AGO 83-2 (concluding that the head of a municipal law enforcement agency seizing a motor vehicle pursuant to the "Florida Contraband Forfeiture Act", ss. 932.701-932.704, F.S. 1983, may not negotiate the release of the vehicle to a lienholder's agent prior to the institution of forfeiture proceedings, since ss. 932.703(3) and 932.704(3)(a) expressly provide that a bona fide lienholder's interest shall be preserved by the court).
[18] Section 932.7055(4)(b), F.S. (1992 Supp.).
[19] Section 932.7055(8)(c), F.S. (1992 Supp.).