Ms. Cynthia S. Prettyman General Counsel Palm Beach County School Board 3318 Forest Hill Boulevard West Palm Beach, Florida 33406-5813
Dear Ms. Prettyman:
You have asked for my opinion on substantially the following question:
May the Palm Beach School Board compensate the family of a teacher who was killed by a student while performing teaching duties?
In sum:
The Palm Beach School Board has the discretionary authority to make a determination that a teacher's family deserves support and assistance. Any action taken by the school board to provide such support and assistance is presumptively valid.
Your question is prompted by the recent tragic death of Mr. Barry Grunow, the Lake Worth Middle School teacher who was killed by a student on the last day of school.
Please be assured that we share the concerns of the school board and the community that the public schools of this state must be made safe for teachers and students alike. There must be support for the families of teachers who suffer a tragedy like the one that has befallen the Grunows.
Toward that end, this office on May 31, 2000, made a crime compensation award of $25,000 to the widow of the slain teacher. This sum represents the maximum award this office may make in these circumstances. In addition, Governor Bush has indicated his intent to ask the Legislature to extend the special benefits now given to law enforcement officers killed in the line of duty to teachers, and to make those benefits retroactive to cover the Grunow family. Under current law, Mr. Grunow's widow will receive one-half of his salary under the state retirement system.[1]
You ask about the validity of the school board's offer to pay Mrs. Grunow half of her late husband's annual salary, and to cover the family's health insurance until the year 2017, the year Mr. Grunow would have retired. Actions taken by a school board are presumptively valid,[2] and this office must presume the same until and unless a court of competent jurisdiction makes a determination to the contrary.
The Palm Beach County School Board has made a determination that Mr. Grunow's family deserves support and assistance, and citizens throughout our state share the board's concern for the family's well-being. Mr. Grunow's family has suffered a devastating loss, and the board's decision has the family's best interests at heart.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, s. 121.091(7)(d)1., Fla. Stat.
[2] Cf., Adams Packing Association, Inc. v. Florida Departmentof Citrus, 352 So.2d 569 (Fla. 2d DCA 1977); and Ops. Att'y Gen. Fla. 78-64 (1978) and 77-99 (1977).