117 So.2d 550 (1960)
WILLIAM A. BERBUSSE, JR., INCORPORATED, a Corporation, Appellant,
v.
NORTH BROWARD HOSPITAL DISTRICT, a Special Tax District, Broward County, Florida, Appellee.
No. 1388.
District Court of Appeal of Florida. Second District.
February 3, 1960.
Paty & Downey, West Palm Beach, for appellant.
*551 Berryhill, Leaird & Tedder, Fort Lauderdale, for appellee.
LOVE, WILLIAM K., Associate Judge.
The defendant-appellee was created by Chapter 27438, Laws of Florida, 1951, and is not required by such act to award contracts for construction of public improvements to the lowest and best or most responsible bidder, but is required to call for competitive, sealed bids for such improvements. Proposing to construct a hospital, it published an invitation to bid which included the following provision:
"Art. 9. Award of the Bid.
"Award will be made to the lowest responsible bidder, provided it is to the Owner's interest to accept the bid. Alternates may be accepted at the Owner's option. The basis for the determination of the low bidder shall be the total cost of the complete hospital facilities, as indicated on plans and specified herein whether or not Alternates are accepted." (Emphasis supplied.)
The plaintiff-appellant submitted the low bid, but the contract was awarded to a higher bidder. Plaintiff, alleging it was the lowest responsible bidder, brought suit seeking damages for loss of profits which it claimed it would have made had the contract been awarded to it and seeking compensation for money expended by it in preparing and filing its bid.
The lower court sustained a motion to dismiss, and the plaintiff refused to amend. Final judgment was entered dismissing the complaint.
The theory of the plaintiff's case is that the defendant, not being required to award the contract to the lowest bidder, by advertising its invitation with the above quoted provision, made an offer to enter into a contract that it would make an award to the lowest responsible bidder. Plaintiff's contention is that it accepted this alleged offer through being the lowest responsible bidder and that a cause of action would lie for breach of this contract.
The invitation to bid contains the provision that the award of the contract will be made to the lowest responsible bidder provided it is to the owner's interest to accept the bid. A public body is not required unqualifiedly to award the contract to the low bidder unless there exists a statutory requirement. Even if such a requirement exists, the proper municipal authorities have a wide discretion in determination of the lowest responsible bidder; and this discretion will not be interfered with by the court unless exercised arbitrarily or capriciously, or unless based upon a misconception of law, or upon ignorance through lack of inquiry, or in violation of law, or was the result of improper influence. See City of Pensacola v. Kirby, Fla. 1950, 47 So.2d 533; Culpepper v. Moore, Fla. 1949, 40 So.2d 366; Willis v. Hathaway, 1928, 95 Fla. 608, 117 So. 89; 26 Fla.Jur., Public Works and Contracts, section 22, pp. 550-552; and 43 Am.Jur., Public Works and Contracts, section 42, pp. 784-786, and section 44, pp. 786-788.
The particular point in issue has not been decided by the Florida courts, and we find no case in point in the briefs submitted to the court.
The text of 26 Fla.Jur., Public Works and Contracts, section 21, p. 550, states the following rule:
"A bid submitted pursuant to an invitation for bids for a contract for public work, public supplies, and the like, is merely an offer. No contractual relations arise between the person who submits such a bid and the public body in behalf of which the invitation was made until the bid is accepted."
Further elaboration of the applicable principles is found in 43 Am.Jur., Public Works and Contracts, section 65, pp. 808-809, as follows:

*552 "It is the acceptance, and not the tender, of a bid for public work which constitutes the contract, and it follows, therefore, that the mere submission of the lowest bid in answer to an advertisement for bids for public work cannot be the foundation of an action for damages based upon the refusal or failure of public authorities to accept such bid, and this is true although a statute requires the contract to be let to the lowest bidder, where the advertisement reserves the right to reject any and all bids. Neither can a bidder for public work base a right of action against the public body for damages upon a statutory requirement that contracts for the performance of public work shall be let to the lowest bidder, and recover lost profits in case the contract is, contrary to the statute, awarded to a higher bidder. Such a statutory provision, enacted as a protection to the public, cannot be used to make disobedience of its provisions by public officers a double source of punishment to the public body; if the low bidder is permitted to maintain such an action then this obedience of the statute would make the public body pay the difference between the lowest bid and the bid for which the contract was made, and also the profit that the lowest responsible bidder would have made if the statute had not been violated. And when a public official in good faith refuses to award a contract the bidder has no right of action against him for damages although his bid is the lowest, and it has been held that no right of action exists even though the public authorities acted maliciously."
With respect to the effect of an advertisement for bids, in 43 Am.Jur., Public Works and Contracts, section 34, p. 775, it is said:
"The advertisement, being nothing more than a solicitation of bids or proposals for doing the work or furnishing the materials, does not of itself impose any contractual obligation."
See also Anderson v. Board, etc., of Public Schools, 1894, 122 Mo. 61, 27 S.W. 610, 26 L.R.A. 707; and 17 C.J.S. Contracts § 48, p. 390.
The invitation to bid did not constitute an offer of a contract but only the solicitation or inducement to make offers, and it imposed of itself no liability. The judgment appealed from is affirmed.
ALLEN, C.J., and SHANNON, J., concur.