HORTON, Chief Judge.
Plaintiffs, constituting a large number of marine interests, seek review of a decree dismissing their complaint filed in the circuit court. Said complaint prayed for a declaratory decree, injunction and other relief for the purpose of preventing the construction of a fifty-five-foot vertical clearance fixed span bridge across the inter-coastal waterway in Biscayne Bay, Dade County, Florida. The complaint alleged that such bridge would constitute an obstruction to navigation. The sole issue raised on appeal is directed to the error of the chancellor in dismissing the complaint.
The right of an individual to use a waterway for the purpose of navigation comes to him as one of the public, and he has no more rights than belong to the public in the use of a public waterway unless he is a riparian owner on the waterway, then his rights may depend on different principles. See Ferry Pass I. & S. Ass’n v. White River I. & S. Association, 57 Fla. 399, 48 So. 463, 22 L.R.A.,N.S., 345; Thiesen v. Gulf F. & A. Ry. Co., 75 Fla. 28, 78 So. 491, L.R.A.1918E, 718; Carmazi v. Board of County Com’rs of Dade County, Fla.App.1959, 108 So.2d 318; Miller v. Mayor of New York, 109 U.S. 385, 3 S.Ct. 228, 27 L.Ed. 971; 1 Farnham, Waters and Water Rights, § 29.
 Where an objection is made, as in this case, by an individual to an alleged obstruction to navigation by either the state or an individual, there are many conditions which must be met before his complaint will be heard. Among these is that “the injury must cause him special damages different from that inflicted on the public at large.” 1 Farnham, Waters and Water Rights, § 95. A private action cannot be maintained by one who has no interest in the waterway beyond that enjoyed by the public in common to use it as a highway. See Marine Air Ways v. State, 201 Misc. 349, 104 N.Y.S.2d 964, and authorities cited therein.
Upon careful consideration of the complaint, we conclude that the appellants have failed to state a cause of action and that the chancellor was eminently correct in dismissing the complaint.
Accordingly, the decree appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.