144 So.2d 818 (1962)
R.T. BAIR et al., Appellants,
v.
CENTRAL AND SOUTHERN FLORIDA FLOOD CONTROL DISTRICT, Etc., L.C. Kickliter, As Tax Collector, and A.C. Courson, As Tax Assessor of Martin County, Florida, Appellees.
No. 31714.
Supreme Court of Florida.
September 19, 1962.
Rehearing Denied October 25, 1962.
*819 Simmonite, Budd & Walsh and Garland M. Budd, Miami, for appellants.
Robert Grafton, West Palm Beach, for appellees.
DREW, Justice.
This is an appeal from a decree of the Circuit Court for Martin County dismissing with prejudice an amended complaint seeking an injunction against the appellee District. The questioned decree passed directly upon[1] and sustained the validity of Chapter 25270, General Acts, Laws of Florida 1949, F.S.A. § 378.01 note, which was attacked on constitutional grounds hereinafter detailed.
The amended complaint recited the formation of the 17 county District by the above cited act, the levy of an annual uniform ad valorem tax on all real property therein pursuant to Section 3 of that act, and alleged that certain lands in Martin County were owned by appellants, plaintiffs below who sued "for themselves and for the benefit of all other similarly situated owners" who were "so numerous that it is impractical to bring all of said owners of such property before this Court as individual party-plaintiffs." It was asserted that plaintiffs' lands were not in fact benefited by the District's operations which, on the contrary, "accumulated large amounts of surplus water which the District has discharged through the St. Lucie Canal into the waters of the St. Lucie River and Estuary which has had the effect of depreciating and lowering the market value of Plaintiffs' lands." Plaintiffs' prayer was to enjoin further assessments or expenditures on behalf of the District, to require refund of monies on hand, and for "such other and further relief as the Court in its conscience may deem meet and just." The complaint as amended was dismissed upon the ground, among others, of failure to state a cause of action.
The contention here and in the trial court was, first, that the levy authorized by *820 Chapter 25270 is, under the circumstances not in proportion to benefits and therefore constitutes a taking of private property without just compensation in violation of Section 12, Declaration of Rights, and Article XVI, Sections 28 and 29, Florida Constitution. The ruling of the court below against plaintiffs on this point is fully sustained by the rationale of earlier cases before this Court.[2] These cases treat at length the distinctions between "an assessment against abutting property to pay for a street improvement that should be a special, peculiar, and direct benefit to the abutting property at least equal to the assessment" and "an ad valorem assessment upon all the lands in a taxing district formed by statute to provide for a public improvement that is a general and common benefit to the district as an entirety."[3] The allegations of the complaint in the instant case are clearly insufficient to overcome the legislative determination of such benefit inherent in the enactment of the provision here in question. The imposition of a levy uniformly throughout the district necessarily and, we think, properly upon this record implies a finding of benefits accruing in some fashion either direct or indirect to all real property located therein, and the cited cases clearly control the question of valid relationship between such benefits and the levy on the particular parcels here involved, more properly characterized as an ad valorem tax for special purposes rather than a special assessment on an ad valorem basis:[4] "For a general, common, public benefit to a taxing unit as a whole, lands in the taxing unit may be reasonably assessed [on an ad valorem basis] by legislative authority, even though the lands as such are not immediately or directly benefited by the public improvement, when the assessment is not an abuse of authority."[5]
Appellants next allege infraction of the 1940 amendment to Article IX, Sec. 2, Florida Constitution,[6] which proscribes ad valorem taxes upon real property for state purposes. This question may be decided upon the same reasoning which sustains the creation of the district in the first instance, i.e. a determination that the constituent area is differentiated from that excluded, or from the state at large, with respect to benefits resulting from operations under the act. In distinguishing district from state purposes this controlling question of benefit is one of degree, incidental effects beyond the confines of the district being often inevitable and by no means fatal.[7] On this point we therefore conclude that the purposes for which the levy in this case is authorized are by nature district or local as opposed to state and refrain from further debate upon the affirmative definition of state purposes in this area of potential constitutional transgression.
The plaintiffs, appellants, also sought injunctive relief against the District's activities as creating a nuisance by alleged pollution of waters adjacent to their properties, but the facts set forth in the amended complaint and recited above in substance are patently insufficient to state a cause of action for nuisance vel non, either private or public. Insofar as the *821 claim is predicated on a supposed public nuisance, there is no showing of injury or damage of the essential character different from that which might be suffered by the populace generally,[8] and the suit is not in form or substance one brought in the name or interest of the state as required by the particular statute upon which appellants rely.[9]
The decree is accordingly affirmed.
ROBERTS, C.J., and TERRELL and CALDWELL, JJ., concur.
THOMAS, J., dissents.
THORNAL and O'CONNELL, JJ., dissent in part and concur in part.
THORNAL, Justice (dissenting in part and concurring in part).
I dissent from the holding of the majority that the Supreme Court has jurisdiction to decide the matter. The majority having decided that we do, however, I concur in the disposition of the merits.
O'CONNELL, J., concurs.
NOTES
[1] Art. V, Sec. 4(2), Florida Constitution, F.S.A., provides for appellate review of decrees directly passing upon the validity of statutes.
[2] Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449, citing Richardson v. Hardee, 85 Fla. 510, 96 So. 290; Lainhart v. Catts, 73 Fla. 735, 75 So. 47.
[3] Ibid., 116 So. 449, 464.
[4] St. Lucie County-Fort Pierce Fire Prevention and Control District v. Higgs, et ux., Fla. 1962, 141 So.2d 744.
[5] Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449, 465.
[6] This section was enacted after adjudication of the cases cited in note 2, and provides:

"After December 31st A.D. 1940, no levy of ad valorem taxes upon real or personal property except intangible property, shall be made for any State purpose whatsoever; Section 6 of Article XII, be, and the same is hereby repealed."
[7] Hunter v. Owens, 80 Fla. 812, 86 So. 839, 843. See notes on special district taxation, 13 Univ.Fla.L.Rev. 531, 542, and 6 Miami L.Q. 554.
[8] Brown v. Florida Chautauqua Ass'n., 59 Fla. 447, 52 So. 802; Bozeman v. City of St. Petersburg, 74 Fla. 336, 76 So. 894; Page v. Niagra Chemical Division, Fla. 1953, 68 So.2d 382; Bertram v. State Road Department, Fla.App. 1960, 118 So.2d 674; Henry L. Doherty & Co., Inc. v. Joachim, 146 Fla. 50, 200 So. 238.
[9] See F.S. Sec. 64.11 et seq., Sec. 823.05, and Sec. 387.08, F.S.A.