QUESTIONS:
1. Is the Captiva Erosion Prevention District required to take competitive bids on purchases or contracts?
2. Is the Captiva Erosion Prevention District subject to Part I of Ch. 287, F.S.?
3. Is the Captiva Erosion Prevention District authorized to contract for workmen's compensation insurance?
4. Is the District subject to Part I, Ch. 287, F.S., in purchasing workmen's compensation insurance for its employees?
SUMMARY:
The Captiva Erosion Prevention District is not required to take competitive bids on purchases and contracts in the absence of such a statutory requirement.
The Captiva Erosion Prevention District is neither an "agency" nor a "political subdivision" of state government within the meaning of Part I of Ch. 287, supra, which would subject its purchasing to the provisions of Part I of Ch. 287.
The Captiva Erosion Prevention District is subject to the Workmen's Compensation Law (Ch. 440, F.S.), and is authorized to contract for workmen's compensation insurance.
The Captiva Erosion Prevention District is neither an "agency" nor a "political subdivision" of state government within the definition of Part I of Ch. 287, supra, which would subject its purchasing of insurance to the provisions of Part I of Ch. 287.
As to question 1, s. 1, Ch. 59-1496, Laws of Florida, grants to the Captiva Erosion Prevention District all the powers and duties required and permitted to be performed by Ch. 158, F.S. 1959. Although Ch. 158 was repealed in 1965, its provisions as incorporated by Ch. 59-1496 remain in full force and effect. Neither Ch. 59-1496 nor Ch. 158 requires the district to take competitive bids on purchases and contracts. Absent a rule, regulation, statute, or ordinance so requiring, a public body is not required unqualifiedly to award a contract to the lowest bidder. William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (2 D.C.A. Fla., 1960). Absent statutory requirements, a public body is not required unqualifiedly to purchase commodities on the basis of competitive bidding. See
AGO's 073-291 and 071-366 and cases cited therein.
Accordingly, based upon the aforementioned authorities it is my opinion that Captiva Erosion Prevention District is not required to take competitive bids on purchases and contracts.
As to question 2, Part I of Ch. 287, F.S., establishes the requirements for the purchasing of commodities by state agencies. Therefore, the issue to be determined is whether the Captiva Erosion Prevention District is a state agency within the meaning of Part I of Ch. 287.
It has been held that the Central and Southern Florida Flood Control District is not a state agency because its prescribed powers are definitely confined to a specified area of less than statewide application. Bair v. Central and Southern Florida Flood Control District, 144 So.2d 818 (Fla. 1952). It has also been held that a flood control district may be considered a quasi-public corporation created for a certain purpose, with only such authority as may be delegated to it by law. See Forbes Pioneer Boat Line v. Board of Commissioners, 82 So. 346, 350 (Fla. 1919). Further, I was of the opinion in AGO 072-210 that a flood control district is not a state agency or political subdivision within the meaning of s. 287.26, F.S. 1971. See also AGO's 071-154, 073-32, 067-20 and 073-374. Based upon the above-cited authorities, special districts and other separate statutory entities are not considered to be agencies of the state or of a county. The logic of the above-cited authorities can be applied to the Captiva Erosion Prevention District.
Accordingly, it is my opinion that the Captiva Erosion Prevention District is neither an "agency" nor a "political subdivision" of state government within the definition of Part I of Ch. 287,supra, which would subject its purchasing to the provisions of Part I of Ch. 287.
As to question 3, Ch. 59-1496, supra, and Ch. 158, supra, authorize the district to employ personnel, contract, sue and be sued, and exercise all powers necessary to carry out the functions and purposes for which the district was created.
Section 440.03, F.S., binds every employer and employee as defined in s. 440.02, F.S. 1971, to the provisions of the Workmen's Compensation Act. Section 440.02(4) includes in the definition of "employer" all political subdivisions of the state and all public and quasi-public corporations. This definition includes and applies to special districts, most of whom are quasi-public corporations, and by virtue of s. 1.01(9), F.S., the words "political subdivision" include all districts. Therefore, a special district employing "employees" as defined by s. 440.02(2) in an "employment," as defined by s. 440.02(1) is subject to the Workmen's Compensation Law and is bound thereby. Accordingly, the district must either secure coverage by workmen's compensation insurance or establish itself as a self-insurer. It follows that the district, in the circumstances aforesaid, may, or is authorized to, contract for workmen's compensation insurance.
As to question 4, s. 287.022, F.S. 1971, imposes upon all state agencies the same requirements for the purchase of insurance as are imposed for the purchase of commodities by s. 287.012, supra. For the same reasoning stated in answering question 2, it is my opinion that the Captiva Erosion Prevention District is neither an "agency" nor a "political subdivision" within the definition of Part I of Ch. 287, supra, which would subject its purchasing of insurance to Part I of Ch. 287.