Robert E. Mathews, Jr. Attorney for Southwestern Palm Beach County Public Hospital Board Belle Glade
QUESTION:
Does s. 286.012, F. S., require the chairmen of the Southwestern Palm Beach County Public Hospital Board to vote on every matter before the board, in the absence of an actual or apparent conflict of interest; or does said statute require the chairman to vote only in the case of a tie vote?
SUMMARY:
The Southwestern Palm Beach County Public Hospital Board is the governing board of a special taxing district. Therefore, members of the hospital board, including its chairman, are not within the purview of s. 286.012, F. S., which prohibits abstention from voting by members of the governing boards or agencies of state, county, and municipal governments. The Southwestern Palm Beach County Public Hospital Board is authorized and required to adopt rules and regulations for its guidance and proceedings; thus, the board would be empowered to adopt a rule prohibiting abstention from voting in specified circumstances by any member thereof, including its chairman.
Chapter 26107, 1949, Laws of Florida, as amended by Chs. 59-1693, 61-2638, 70-855, and 74-566, Laws of Florida, establishes the Southwestern Palm Beach County Public Hospital Board. The board is composed of seven members who are appointed by the Governor. Section 1, Ch. 26107, as amended. One of the members of the board is to serve as chairman. Section 3(5), Ch. 26107, as amended.
The hospital board is established and declared by the enabling legislation to be a `body corporate' with jurisdiction over a designated geographical area of Palm Beach County. Sections 1 and 4, Ch. 26107, as amended. Within its area of operation, the board is empowered to construct and maintain hospitals, borrow money for public hospital purposes, and, where necessary, condemn property for such purposes. Sections 8 and 9, Ch. 26107, as amended. The hospital board is authorized to levy an ad valorem tax `on all property in said Hospital District.' Section 14, Ch. 26107, as amended.
Thus, it is apparent from an examination of the enabling legislation creating the Southwestern Palm Beach County Public Hospital Board that it is the governing body of a special taxing district. The important consideration, therefore, is whether s.286.012, F. S., is applicable to special taxing districts and the governing boards thereof. Section 286.012 reads:
 No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act, and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases said member shall comply with the disclosure requirements of s. 112.3143. (Emphasis supplied.)
The foregoing statutory provision was brought into the statutes by Ch. 72-311, Laws of Florida, the title of which reads in part:
 AN ACT relating to governmental boards and agencies of state, county and municipal governments; prohibiting abstention from voting by members of such boards and agencies . . . . (Emphasis supplied.)
It has been held that while the title of a legislative act is not part of the basic act, it does serve an important function which is to determine the scope of the act. Finn v. Finn, 312 So.2d 726,730 (Fla. 1975). Accord: Hillsborough County v. Pierce,149 So.2d 912, 917 (2 D.C.A. Fla., 1963), in which the court noted that `[n]o valid provision can be embodied in an act if it is beyond the range of the subject as expressed in the title and matters properly connected therewith.' Therefore, it seems evident that the provisions of s. 286.012, F. S., apply only to governmental boards or agencies of state, county, or municipal government.
A special taxing district, however, is a distinct and independent statutory entity created for definitely restricted purposes. Attorney General Opinions 074-169, 073-261, and 069-130. A special district is not a state agency because its prescribed powers are definitely confined to a less than statewide area. Bair v. Central and Southern Florida Flood Con. Dist., 144 So.2d 818, 820 (Fla. 1962). See also Town of Palm Beach v. City of West Palm Beach,55 So.2d 566, 569 (Fla. 1951), holding that officers of a special district `are neither state nor county officers,' and AGO 074-7, concluding that special districts or other separate statutory entities are not considered to be agencies of the state for purposes of the State Purchasing Law. Moreover, special taxing districts cannot be considered to be county agencies. See AGO 071-154, holding that a county may not amend by ordinance an act creating a special district or authority since a special district is not an agency of the county but is established by the Legislature `to carry out at a local level a public or governmental function that the Legislature could have delegated to the county to perform.' Accord: Attorney General Opinions 071-102, 071-274, and 071-179. Finally, special taxing districts are not municipalities or agencies thereof. See AGO's 074-28 and 073-443, holding that special districts are not municipalities or agencies thereof for purposes of the Municipal Home Rule Powers Act.
Having determined that special taxing districts and the governing boards thereof are not boards or agencies of state, county, or municipal government, it is clear that the terms of s. 286.012, F. S., are not applicable to and do not operate on such districts or the governing boards thereof. Under the enabling legislation, the chairman of the hospital board is peculiarly a member of the board and possesses the same rights and obligations with respect to voting on propositions before the board as the remaining members of the board. The special act does not provide that the board's chairman may cast a deciding vote in case of a tie, a so-called casting vote; see 67 C.J.S. Parliamentary Law s. 5d. (4), nor may the board by rule grant such power to its chairman under the provisions of the enabling legislation considered in its entirety. Therefore, the prohibition against abstention from voting contained in s. 286.012 does not govern voting by members, including the chairman, of the Southwestern Palm Beach County Public Hospital Board.
However, it is well established that a local governmental unit may adopt its own rules of procedure when the enabling legislation does not provide any rules. 62 C.J.S. Municipal Corporations s. 400, p. 754; see also 67 C.J.S. Parliamentary Law s. 3. Moreover, the general rule at common law is that members of a deliberative body are disqualified to act on propositions in which they have a direct pecuniary interest adverse to the body politic (in this case the inhabitants of the district) which they represent; and if such body adopts a rule that no member immediately interested in a proposition shall vote thereon, such rule is binding on the members. 67 C.J.S. Parliamentary Law s. 5d. (3). In this regard, s. 6 of Ch. 26107, as amended, requires the hospital board to `make and adopt such by-laws, rules and regulations for its guidance . . . as may be deemed expedient for the economic and equitable conduct thereof . . . .' Thus, it would appear competent for the hospital board to adopt a rule prohibiting abstention from voting in specified circumstances by any member thereof, including the chairman. Should the board be faced with a matter which involves an actual or apparent conflict of interest for one of its members, then the member would be considered a `public officer' for purposes of s. 112.3143, F. S., relating to voting conflicts which states that public officers shall not be prohibited from voting in their official capacities on any matter (but requiring disclosure of conflicting personal interest).
Prepared by: Patricia R. Gleason, Assistant Attorney General