Nathan I. Weinstein Attorney for St. Augustine Airport Authority St. Augustine
QUESTION:
Is the St. Augustine Airport Authority required to submit to public bidding the proposed 20-year lease of portions of its facilities to fixed base operators?
SUMMARY:
The St. Augustine Airport Authority, as the governing body of the St. Augustine Airport Authority District, pursuant to its enabling statute, Ch. 63-1853, Laws of Florida, as amended, has the express power to lease a part or all of its facilities. The authority is not, however, required by Ch. 63-1853, as amended, or the Airport Law of 1945 (Ch. 322, F. S.), to submit the proposed lease of part of its facilities to competitive bidding in the absence of a statute so requiring.
The St. Augustine Airport Authority District was created pursuant to special law as a special taxing district and `body politic and corporate and political subdivision of the state.' Chapter 63-1853, Laws of Florida, as amended by Chs. 65-2169 and 69-2172, Laws of Florida. The St. Augustine Airport Authority, as the governing body of the district, is empowered by the Legislature to own and acquire property and `acquire, construct, maintain and operate airport facilities . . . and all other facilities incident to the operation of an airport.' Section 5, Ch. 63-1853. The district's governing body is further authorized to enter into contracts with any person, corporation, or public agency and `to enter into operating contracts and/or leases for facilities owned by [the district]' and possesses `the right to lease any and all airport facilities and appurtenances to individuals, corporations or government entities.' Section 6, Ch. 63-1853. See also s. 11, Ch. 63-1853, Laws of Florida, which empowers the authority, upon consent of the St. Augustine City Commission as evidenced by resolution, to exercise any power relating to aviation conferred upon municipalities by general law, including the provisions of the Airport Law of 1945, Ch. 332, F. S. Section 332.08(3), F. S., authorizes municipalities to lease for a term not exceeding 30 years such airports, air navigation facilities, or real property acquired or set apart for airport purposes to a private party or municipal, state, or national government, or any department thereof, for operation or use consistent with the purposes of Ch. 332. Cf. s. 125.35, F. S., as amended by Ch. 77-475, Laws of Florida, relating to county-owned property and county airport facility leases.
Neither Ch. 63-1853, Laws of Florida, as amended, nor Ch. 322, F. S., provides for or requires the governing body of the airport authority district to take competitive bids on its property or its contracts and leases of its facilities. In the absence of a statutory requirement, a public body has no legal obligation to let a contract under competitive bidding or to award a contract to the lowest bidder. See William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (2 D.C.A. Fla., 1960), and AGO's 077-22, 074-7, and 071-366. In addition, Ch. 332, the Airport Law of 1945, contains no such requirement. Cf. s. 125.35, F. S., as amended by s. 1, Ch. 77-475, Laws of Florida, which authorizes a board of county commissioners
 . . . to lease real property, belonging to the county, whenever such board shall determine it is in the best interest of the county to do so, to the highest and best bidder for the particular use it deems to be the highest and the best, or, alternatively, in the case of an airport operation or facility lease, after negotiating for such length of term and such conditions as the governing body may in its discretion determine. (Emphasis supplied.)
Therefore, in the absence of any statutory provision to the contrary, I am of the opinion that the St. Augustine Airport Authority is not required to submit the proposed lease of a part of its facilities to competitive bid procedures.
You also inquire as to whether the airport authority is subject to the competitive bidding requirements contained in part I, Ch. 287, F. S., the State Purchasing Law. Part I, Ch. 287 (except s.287.055, F. S.) applies only to the purchase of commodities by state agencies. In AGO 075-56, this office concluded that the Sarasota-Manatee Airport Authority was not a state agency as that term is defined in s. 287.012, F. S., for purposes of the State Purchasing Law and thus was not subject to the competitive bidding requirements therein. See also AGO's 077-22 (fire protection and rescue district created by special act not a state agency and therefore not subject to state purchasing law), 076-202, and 074-7. While state agencies are required under the State Purchasing Law to purchase commodities under the purchasing agreements and contracts executed by the Division of Purchasing of the Department of General Services, counties, municipalities, and other local public agencies may utilize these agreements and contracts negotiated by the division. The purchase, however, by `any county, municipality, or other local public agency under the provisions in the state purchasing contracts shall be exempt from the competitive bid requirements otherwise applying to their purchases.' Section 287.042(2), F. S. This office previously concluded that an airport authority was a `local public agency' for the purposes of part I, Ch. 287 (except s. 287.055) and thus was entitled to utilize in its discretion the state purchasing agreements and contracts. Attorney General Opinion 075-56. Thus it appears that the airport authority as a local public agency may utilize the state purchasing agreements and contracts in purchasing commodities. It is not, however, subject to the competitive bidding requirements contained in the State Purchasing Law. It should be noted, however, that if the construction and modification of facilities require professional services as set forth in s. 287.055, the Consultants' Competitive Negotiation Act (CCNA), the authority may be subject to any applicable competitive negotiation or other requirements contained in s. 287.055. See
AGO's 077-22, 075-56, 074-308, and 074-89 regarding the applicability of the CCNA to special districts.
Your question, as stated, is answered in the negative.
Prepared by: Joslyn Wilson, Assistant Attorney General