Mr. Gary E. Eckstine Flagler County Attorney 1200 East Moody Boulevard Number 11 Bunnell, Florida 32110
Dear Mr. Eckstine:
On behalf of the Flagler County Board of County Commissioners you ask substantially the following question:
May the county commission lease the non-aviation portion of an airport site to a private developer without competitive bid and, if so, are there limitations on such a lease?
In sum:
The board of county commissioners may negotiate a lease for an airport facility without competitive bid for such length of term and under such conditions as the governing body in its discretion determines to be beneficial to the county. However, the lease of the non-aviation portion of an airport site must be competitively bid pursuant to section 125.35, Florida Statutes. Such lease may be for a term in excess of thirty years.
You state that Flagler County owns a 1,400 acre parcel of real property composing the Flagler County Airport. A portion of the property contains two active airstrips for public use. The county proposes to lease all of the property except the landing strips and contiguous aviation related property to a single development company on a long-term basis. The development company intends to subdivide the property, leasing to individual businesses, and develop a high technology office and industrial park, hotels, culinary school and a transportation and aviation center. The developer would be responsible for the construction of all infrastructure, including roadways, curbs, lighting, water, electricity, sewer and gas service connections, parking lots, and buildings. The county would share in the revenue generated by the leasing of each subdivided parcel. The proposed lease would be for an initial term of thirty years, with two thirty-year options.
Section 125.35, Florida Statutes, provides:
"The board of county commissioners is expressly authorized to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board determines that it is in the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best or, alternatively, in the case of anairport or seaport operation or facility lease, or a modification of an existing lease of real property, or a new extension thereof for an additional term not to exceed 25 years, where the improved leasehold has an appraised value in excess of $20 million, afternegotiation, for such length of term and such conditions as thegoverning body may in its discretion determine. . . ."[1] (e.s.)
This office has interpreted the terms of this section to allow a board of county commissioners to lease county airport property for a term determined by the commission to be in the best interest of the county, when the factors set forth in the statute have been met.[2] While section 332.08, Florida Statutes, makes provisions for the lease of airport property by a county, this office has concluded that the more recent and specific provisions in section125.35, Florida Statutes, dealing particularly with the power of counties to lease airport facilities, would apply when a county is contemplating the lease of such property.
During the 1999 Legislative Session, Senate Bill 1534, amending but not changing the substance of section 125.35, Florida Statutes, was passed. The Governor signed the bill on May 26, 1999. The changes to section 125.35, Florida Statutes, clarify that counties are authorized to negotiate leases with airport and seaport facilities.[3] As amended, section 125.35, Florida Statutes, provides in part:
"(1)(a) The board of county commissioners is expressly authorized to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best, for such length of term and such conditions as the governing body may in its discretion determine.
(b) Notwithstanding the provisions of paragraph (a) the Board of County Commissioners is expressly authorized to:
1. Negotiate the lease of an airport or seaport facility;
2. Modify or extend an existing lease of real property for an additional term not to exceed 25 years, where the improved value of the lease has an appraised value in excess of $20 million; or
3. Lease a professional sports franchise facility financed by revenues received pursuant to s. 125.0104 or s. 212.20;
under such terms and conditions as negotiated by the board."
There is no statutory requirement that the county use competitive bidding in leasing airport or seaport facilities. Absent such statutory prescription and as reflected by the clear intent of the recent amendments to section 125.35, Florida Statutes, the county is not required to use a competitive bidding procedure for the lease of the county's airport facility.[4]
However, to the extent that property subject to the lease is not for airport or seaport facilities, the county would be bound by the competitive bid requirements contained in section125.35(1)(a), Florida Statutes.[5] The determination of whether property falls within the airport facility category is a mixed question of fact and law that may not be resolved by this office.
Accordingly, it is my opinion that while the board of county commissioners may negotiate a lease for an airport or seaport facility for such length of term and such conditions as the governing body in its discretion determines to be beneficial to the county, the lease of non-aviation property is subject to the competitive bidding requirements in section 125.35, Florida Statutes. However, the county may grant a lease on real property in excess of thirty years if the governing body determines that such a lease is in the best interest of the county and the conditions in section 125.35, Florida Statutes, are met.[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 125.35(1)(a), Fla. Stat.
[2] Attorney General Opinion 94-96 (1994) (Dade County authorized to lease to a private party for development and operation of non-airfield portion of the county airport for a term of more than 30 years if governing body determines it to be in the best interest of the county and the conditions set forth in s.125.35, Fla. Stat., are met).
[3] See, Title to Senate Bill 1534, signed by the Governor, May 26, 1999.
[4] See, William A. Berbusse, Jr., Inc. v. North BrowardHospital District, 117 So.2d 550 (Fla. 2d DCA 1960) (absent statutory requirement, a public body has no legal obligation to let a contract under competitive bidding or to award a contract to the lowest bidder), and Ops. Att'y Gen. Fla. 77-22 (1977), 74-07 (1974) and 71-366 (1971).
[5] See, Op. Att'y Gen. Fla. 88-34 (1988) (county is required to competitively bid leases of property it owns). Cf., Frunams v.Santa Rosa Island Authority, 377 So.2d 983, 987 (Fla. 1st DCA 1979), aff'd 399 So.2d 1142 (Fla. 1981) (competitive bid requirements in s. 125.35, Fla. Stat., when county is selling property not applicable to statutorily created authority leasing property under terms of enabling special act).
[6] See, Op. Att'y Gen. Fla. 94-96 (1994).