Mr. James F. Lang Attorney for the School Board of Alachua County Post Office Box 23879 Gainesville, Florida 32602-3879
Dear Mr. Lang:
You ask substantially the following questions:
1. May the school board award construction management contracts to a contractor other than the bidder submitting the lowest proposed cost?
2. May the school board give preference to local architects and contractors based upon their "knowledge of local conditions" as well as their location?
3. Is the school board restricted in the weight it may give to the individual criteria it considers in awarding contracts?
In sum:
1. The school board may award construction management contracts to the most qualified firm at a price determined to be fair, competitive, and reasonable; there is no requirement that the contract be awarded to the bidder submitting the lowest proposed cost.
2. While "knowledge of local conditions" is not specifically prescribed as a consideration in awarding a professional services contract, it would appear to fall within the "capabilities" and "experience" of potential contractors, which must be considered in determining the qualifications of a firm or individual.
3. While a school board may give more weight to certain individual criteria than to others, a school board may not act arbitrarily or capriciously by giving undue weight to a particular attribute.
Question One
School boards are given specific authority to use the procedures in section 287.055, Florida Statutes, to select a construction management entity to oversee the construction of new facilities or major additions to existing ones.[1] Such entity is responsible for all scheduling and coordination in both design and construction phases and is generally responsible for the "successful, timely, and economical completion of the construction project."[2] The construction management entity must consist of or contract with licensed or registered professionals for the specific fields or areas of construction to be performed, as required by law. Moreover, the criteria for selecting the construction management entity cannot unfairly penalize an entity that has relevant experience in the delivery of construction projects of similar size and complexity by methods of delivery other than construction management.[3]
Section 287.055, Florida Statutes, the "Consultants' Competitive Negotiation Act," provides a procedure for the acquisition of professional services. Generally, each agency is required to publicly announce when professional services are needed for a project costing more than $250,000.00.[4] An individual or firm desiring to provide services must be certified by the agency as "fully qualified," with the agency considering factors such as the "capabilities, adequacy of personnel, past record, and experience of the firm or individual."[5]
For each project, an agency evaluates the qualifications of firms on file, as well as those submitted by other firms regarding the proposed project, and has discussions with no fewer than three firms as to their "qualifications, approach to the project, and ability to furnish the required services."[6] No fewer than three firms deemed to be the "most highly qualified" are selected in order of preference. The factors an agency considers in making the selection are:
"the ability of professional personnel; whether a firm is a certified minority business enterprise; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting an equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most highly qualified firms."[7]
An agency may request and consider proposals for the compensation to be paid under the contract only during the competitive negotiation phase of the process.[8] Section 287.055(5)(a), Florida Statutes, states:
"The agency shall negotiate a contract with the most qualified firm for professional services at compensation which the agency determines is fair, competitive, and reasonable. In making such determination, the agency shall conduct a detailed analysis of the cost of the professional services required in addition to considering their scope and complexity. . . ."
Should an agency be unable to negotiate a satisfactory contract with the most qualified firm at a price it deems fair, competitive and reasonable, negotiations with that firm must be terminated and the agency must undertake negotiations with the second-most qualified firm, and so on until an agreement is reached.[9]
Thus, the Legislature has provided an alternative to competitive bidding when a school board is securing the services of a construction management entity, and the plain language of the statute allows the negotiation of the contract price.[10] While section 235.31, Florida Statutes, contemplates that a school board electing to competitively bid a construction project pursuant to section 235.211, Florida Statutes, must award the contract to the lowest responsible bidder, even then it has been determined that the board is under no mandatory obligation to consider the lowest dollars and cents bid to be the "lowest responsible bid."[11]
Accordingly, there is no requirement that a contract be awarded to the lowest bidder when a school board is contracting for the services of a construction manager; however, the contract must be awarded to the most qualified firm at a price determined to be fair, competitive, and reasonable.
Question Two
As discussed above, an agency's initial consideration of an entity's qualifications includes "capabilities, adequacy of personnel, past record, and experience of the firm or individual."[12] In evaluating a firm, an agency may also consider "other factors determined by the agency to be applicable to its particular requirements."[13] Thus, the school board has been given flexibility to evaluate potential contractors based upon factors pertinent to the requirements of a particular project. While "knowledge of local conditions" is not specifically prescribed as a consideration in awarding a professional services contract under section287.055, Florida Statutes, it would appear to fall within the "capabilities" and "experience" of potential contractors and could readily be characterized as a factor applicable to the school board's particular requirements.
In Attorney General Opinion 2001-65, this office commented upon the authority of a school board to adopt a policy of home town preference in awarding purchasing and professional services contracts. Noting that the Legislature recognizes that school board policies may encompass local preference in selecting vendors and that the selection procedure in section 287.055, Florida Statutes, includes consideration of the location of the firm in assigning it a rank, this office concluded that a district school board could adopt a policy giving preference to bidders from its home county to the extent such policy did not conflict with statutes or rules prescribing the competitive bidding process contemplated for such contracts.
Similarly, a school board may include "knowledge of local conditions" as a factor in considering the qualifications of a contractor, so long as its use is consistent with the procedure for selection prescribed in section 287.055, Florida Statutes.
Question Three
It has long been recognized that discretion vested in a public agency with respect to awarding public contracts may not be exercised arbitrarily or capriciously.[14] In Culpepper v. Moore,[15] the Supreme Court of Florida, in considering whether an agency is obligated to award a competitively bid contract to the lowest dollars and cents bidder, stated:
"[I]t [is] plain that while the discretion vested in a public agency in respect to letting public contracts may not be exercised arbitrarily or capriciously, but that its judgments must be bottomed upon facts reasonably tending to support its conclusions, no mandatory obligation is imposed upon such an agency to consider the lowest dollars and cents bid as being the `lowest responsible bid' in every case, to the exclusion of all other pertinent factors which may well support a reasonable decision to award the contract to a contractor filing a higher bid. So long as such a public agency acts in good faith, even though they may reach a conclusion on facts upon which reasonable men may differ, the courts will not generally interfere with their judgment, even though the decision reached may appear to some persons to be erroneous."[16]
Thus, while preference may be given to individual criteria, it would appear contrary to the process of competitive selection to give undue weight to a particular factor such that it could be found that the school board has acted arbitrarily and capriciously. Ultimately, however, it is within the discretion of the school board to consider factors it deems pertinent to the selection of the most highly qualified firm.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 235.211(1)(c), Fla. Stat. See also, s. 235.211(4), Fla. Stat., providing that, except as otherwise provided in this section, the negotiation procedures applicable to construction management contracts and the design-build process must conform to the requirements of s.287.055, Fla. Stat.
[2] Section 235.211(1)(c), Fla. Stat.
[3] Id.
[4] Section 287.055(3)(a), Fla. Stat. (an exception to this requirement is provided in cases of a valid public emergency certified by the agency head). See, s. 287.017(1)(e), Fla. Stat.
[5] Section 287.055(3)(c), Fla. Stat.
[6] Section 287.055(4)(a), Fla. Stat.
[7] Section 287.055(4)(b), Fla. Stat.
[8] Id.
[9] See, s. 287.055(5)(b) and (c), Fla. Stat.
[10] See, Op. Att'y Gen. Fla. 93-7 (1993) in which this office concluded that there was no requirement that the services of a construction manager be competitively bid, but the use of a construction manager did not relieve the school board of the competitive bidding requirements in s. 235.31, Fla. Stat. In 1995, the Legislature amended ss. 235.211 and 235.31, Fla. Stat., to allow contract flexibility, whereby "construction techniques and funding mechanisms available to boards are clarified and expanded to include the use of contract management and program management." See, ss. 17 and 19, Ch. 95-269, Laws of Fla. and Senate Staff Analysis and Economic Impact Statement, CS/CS/SB 2684, April 18, 1995.
[11] See, Culpepper v. Moore, 40 So.2d 366 (1949) (no mandatory obligation is imposed on a school board to consider the lowest dollars and cents bid as being the "lowest responsible bid," to the exclusion of other pertinent factors).
[12] Section 287.055(3)(c), Fla. Stat.
[13] See, s. 287.055(3)(d), Fla. Stat.
[14] See, Culpepper v. More, supra.; William A. Berbusse, Jr.,Incorporated v. North Broward Hospital District, 117 So.2d 550 (Fla. 2d DCA 1960) (where statute requires that public body award contracts to low bidder, proper municipal authorities have wide discretion in determination of lowest responsible bidder); Op. Att'y Gen. Fla. 93-56 (1993) (Consultants' Competitive Negotiation Act does not provide criteria for negotiating a contract for professional services under a continuing contract and a municipality may develop its own procedures for evaluating such a contract; however, advisable for a city to adopt an ordinance or develop an administrative rule of procedure to insure that criteria are applied uniformly to all continuing contracts into which the city enters). Cf., Marriott Corporation v. Metropolitan Dade County,383 So.2d 662, 663 (Fla. 3d DCA 1980), which recognizes that even under competitive bidding requirements contracts must be awarded as a function of the reasonable exercise of power by municipal governmental authorities as a matter of public policy and fidelity to the public trust.
[15] 40 So.2d 366 (1949).
[16] Id. at 370.