Mr. Robert D. Pritt Legal Counsel, Matlacha-Pine Island Fire Control District 850 Park Shore Drive, Suite 300 Naples, Florida 34103-3587
Dear Mr. Pritt:
On behalf of the Board of Trustees of the Matlacha-Pine Island Fire Control District, you ask substantially the following question:
Is a member of the Board of Trustees of the Matlacha-Pine Island Fire Control District required to vote except as provided in section 286.012, Florida Statutes, and sections 112.3143 and 112.313, Florida Statutes?
The Matlacha-Pine Island Fire Control District was created as an independent special tax district located within Lee County for the purpose of providing fire control and rescue services within the district.[1] The district is governed by a board of trustees consisting of five elected members.[2]
Section 112.311, Florida Statutes, sets forth the legislative intent and declaration of policy regarding the adoption of the Code of Ethics for Public Officers and Employees, while 112.313, Florida Statutes, sets forth standards of conduct, including conflict of interest, for agency officers and employees. Section 112.3143(3)(a), Florida Statutes, provides:
"No county, municipal, or other local public officer shall vote in an official capacity upon any measure which would inure to his or her special private gain or loss; which he or she knows would inure to the special private gain or loss of any principal by whom he or she is retained or to the parent organization or subsidiary of a corporate principal by which he or she is retained, other than an agency as defined in s. 112.312(2); or which he or she knows would inure to the special private gain or loss of a relative or business associate of the public officer. Such public officer shall, prior to the vote being taken, publicly state to the assembly the nature of the officer's interest in the matter from which he or she is abstaining from voting and, within 15 days after the vote occurs, disclose the nature of his or her interest as a public record in a memorandum filed with the person responsible for recording the minutes of the meeting, who shall incorporate the memorandum in the minutes."
For purposes of this section, the term "public officer" includes any person elected or appointed to hold office in any agency and includes any person serving on an advisory body.[3] "Agency" is defined to include any state, regional, county, local or municipal governmental entity of this state,[4] and would include the Matlacha-Pine Island Fire Control District within its terms. Thus, members of the board of trustees of the district are public officers for purposes of section 112.3143(3), Florida Statutes, and must comply with the voting and disclosure requirements of that section.
The foregoing statutes, however, do not specify when a public officer must vote; rather, these statutes establish certain prohibitions on voting. You refer to section 286.012, Florida Statutes, which provides:
"No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act; and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases, said member shall comply with the disclosure requirements of s. 112.3143."
The above statute refers only to state, county or municipal boards. As this office has previously recognized, a special taxing district is a distinct and independent statutory entity created for definite restricted purposes.[5] An independent special district is not a state, county or municipal agency.[6] Thus section 286.012, Florida Statutes, does not, by its own terms, apply to officers of independent special districts. Nor do the provisions of the district's enabling legislation impose such a voting requirement on the district board members. Section 3(7) of Chapter 00-396, Laws of Florida, codifying the district's enabling legislation, states:
"Requirements for financial disclosure, meeting notices, reporting, public records maintenance, and per diem expenses for officers and employees shall be as set forth in chapters 112, 119, 189, 191 and 286, Florida Statutes, and chapter 97-340, Laws of Florida, as they be amended from time to time."
Section 5(9) of Chapter 97-340, Laws of Florida, which also applies to the district, provides that "[a]ll meetings of the board shall be open to the public consistent with ch. 286, Florida Statutes, s. 189.417, Florida Statutes, and other applicable general law." Similarly, section 191.005(8), Florida Statutes, provides that "[a]ll meetings of the board [of an independent fire control district] shall be open to the public consistent with chapter 286, s. 189.417, and other applicable general laws."[7]
While the above provisions mandate that the requirements of Chapter 286 relating to open meetings and notice be met, they do not extend the abstention requirements of section 286.012, Florida Statutes, to the district.
In Attorney General Opinion 78-11, this office stated that section 286.012, Florida Statutes, did not govern voting by members of the Southwestern Palm Beach County Public Hospital Board, an independent special district. Noting the hospital board's authority to adopt rules and the common law rule that members of a deliberative body are disqualified to act on propositions in which they have a direct pecuniary interest adverse to the body politic they represent,[8] this office concluded that the hospital board could adopt a rule prohibiting abstention from voting in specified circumstances by its members. The issue was again addressed in Attorney General Opinion 85-78, in which this office concluded that an independent fire protection and rescue district was not subject to the provisions of section 286.012, Florida Statutes, but could adopt rules for the transaction of its business in conformance with section 112.3143, Florida Statutes.
Similarly, the Board of Trustees of the Matlacha-Pine Island Fire Control District would appear to have the authority to adopt rules regulating when or if a board member may abstain from voting, provided such rules are not inconsistent with state law. Section 191.006(5), Florida Statutes, specifically authorizes independent special fire control district boards to adopt procedures prescribing the powers and duties of district officers and the conduct of business of the district.[9]
Accordingly, I am of the opinion that section 286.012, Florida Statutes, does not apply to the Board of Trustees of the Matlacha-Pine Island Fire Control District. While the provisions of sections 112.311, 112.313 and112.3143, Florida Statutes, are applicable to the board of trustees, they address prohibitions on voting but do not mandate that an officer must vote. Thus, the board of trustees may, in my opinion, adopt rules regulating when or if a board member may abstain from voting, provided such rules are not inconsistent with state law. Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Ch. 00-396, Laws of Fla., codifying the special acts relating to the Matlacha-Pine Island Fire Control District.
[2] Id., providing that the procedures for conducting district elections and for qualifications of candidates and electors shall be pursuant to Chs. 189 and 191, Fla. Stat., and Ch. 97-340, Laws of Fla.
[3] Section 112.3143(1)(a), Fla. Stat.
[4] Section 112.312(2), Fla. Stat., which defines "agency" to mean "any state, regional, county, local, or municipal government entity of this state, whether executive, judicial or legislative; any department, division, bureau, commission, authority, or political subdivision of this state therein; or any public school, community college or state university." Cf. s. 1.01(8), Fla. Stat., defining "political subdivision," as used in the Florida Statutes where the context permits, to include "all other districts in this state."
[5] See, e.g., Ops. Att'y Gen. Fla. 78-11 (1978), 74-169 (1974), and 73-261 (1973). And see s. 189.403(1), Fla. Stat., defining "[s]pecial district" for purposes of Chapter 189 to mean "a local unit of special purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. . . ."
[6] See, e.g., Bair v. Central and Southern Florida Flood ControlDistrict, 144 So.2d 818, 820 (Fla. 1962) (special district is not state agency since its prescribed powers are definitely confined to a less than statewide area); Town of Palm Beach v. City of West Palm Beach,55 So.2d 566, 569 (Fla. 1951) (officers of a special district are neither state nor county officers). And see, Advisory Opinion to the Governor —Dual Office-Holding, 630 So.2d 1055, 1058 (Fla. 1994), in which the Supreme Court of Florida concluded that special district offices are not state, county or municipal offices and thus not included within the dual office-holding prohibition, stating that a member of a community college district board of trustees
"is an officer of a special district created to perform the special governmental function of operating a community college and is not a state, municipal, or county officer within the meaning of article II, section 5(a). Thus, the dual office-holding prohibition does not keep a state, county, or municipal officer from serving on a community college board of trustees."
[7] And see s. 191.003(5), Fla. Stat., stating that an "independent special fire control district" means
"an independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."
[8] See 67A C.J.S. Parliamentary Law s. 8 (1978).
[9] See generally 67A C.J.S. Parliamentary Law s. 4 (1978) (deliberative bodies have right to adopt rules of procedure in absence of outside power having the right to do so) and s. 8 (if deliberative body adopts the rule that no member immediately interested in a proposition shall vote thereon, such rule is binding on the members).